Colin D. Dailey (California Bar No. 293942)
colin.dailey@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Maria Z. Vathis (*pro hac vice application to be filed*)
maria.vathis@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
161 N. Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: (312) 602-5000
Facsimile: (312) 698-7527

Attorneys for Plaintiff
US Foods, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| US FOODS, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSEPH MOSCATIELLO, an individual,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. Breach of Guaranty; and**<br>**2. Account Stated.** |

Plaintiff US Foods, Inc. ("US Foods" or "Plaintiff"), brings this Complaint against Defendant Joseph Moscatiello ("Defendant" or "Guarantor"), and hereby alleges as follows:

## NATURE OF CASE

1. US Foods provided Peppino's Foothill Ranch, Inc. ("Peppino's"), MRG-Lake Forest, Inc. ("Lake Forest"), and MRG-Mission Viejo, Inc. ("Mission Viejo" and collectively, the "Entities") with goods and services pursuant to certain Customer Account Applications ("Customer Agreements") and that certain Customer Incentive Agreement ("CIA"). Guarantor signed three personal guarantees, guaranteeing payment for goods and services delivered to the Entities (the "Guarantees"). Guarantor failed to pay the amounts due and owing to US Foods under the contracts. Guarantor's failure to pay constitutes breaches of the Guarantees. US Foods brings common law claims of breach of guaranty and account stated against Guarantor.

## THE PARTIES

2. Plaintiff US Foods is a citizen of and incorporated in the State of Delaware, with its principal place of business at 9399 West Higgins Road, Suite 600, Rosemont, Illinois 60018. US Foods is registered as a foreign corporation licensed to do business in the State of California as U.S. Foodservice, Inc. US Foods is one of America's leading foodservice distributors to restaurants, healthcare and hospitality facilities, government operations and educational institutions across the country, including in the State of California.

3. Guarantor is a citizen of the State of California, domiciled in Orange County, California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and this case is between citizens of different

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401

states.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because (i) Defendant resides within this judicial district, and/or (ii) a substantial part of the transaction giving rise to Plaintiff's claims occurred in this division of this judicial district.

## GENERAL ALLEGATIONS

6. From as early as August 2017, US Foods supplied various food and food related products and services to the Entities.

7. In connection with these transactions, the Entities executed Customer Agreements dated August 30, 2017, for the delivery of food-related goods and services. A true and correct copy of the Customer Agreement for Peppino's is attached hereto as **Exhibit A** and incorporated herein by reference. A true and correct copy of the Customer Agreement for Lake Forest is attached hereto as **Exhibit B** and incorporated herein by reference. A true and correct copy of the Customer Agreement for Mission Viejo is attached hereto as **Exhibit C** and incorporated herein by reference.

8. The Entities also entered into the CIA effective October 1, 2017, affording the Entities certain incentives.

9. Pursuant to the CIA, if Defendant fails to timely pay outstanding invoices, Defendant is obligated to refund US Foods a *pro rata* portion of the Signing Bonus (the "Incentive Refund").

10. Defendant is also obligated to tender the Incentive Refund if it fails to meet the Annual Run Rate.

11. The Customer Agreements incorporate the CIA.

12. Pursuant to the Customer Agreements and the CIA (collectively, the "Agreements"), Defendant agreed to be bound by the terms of the Agreements, invoices and other documents furnished by US Foods, and to pay all charges set forth on each invoice pursuant to the credit terms on the invoices. (Exhibit A, p. 2, ¶ 4.)

13. Defendant also agreed to pay all costs, expenses and fees, including attorneys' fees which may be incurred by US Foods in enforcing or protecting its rights under the Agreements. (Exhibit A, p. 2, ¶ 4.)

14. Further, Defendant agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (Exhibit A, p. 2, ¶ 3.)

15. The Agreements contain the Guarantees executed by Guarantor. (Exhibit A, p. 3.)

16. Pursuant to the Guarantees, Guarantor "personally and unconditionally" guaranteed payment of all amounts then owing, and thereafter owed by the Entities. (Exhibit A, p. 3.)

17. Further, in the event of a default by the Entities, US Foods has the right to proceed directly against Guarantor without first exhausting other remedies. (Exhibit A, p. 3.)

18. The Entities ordered, received, and accepted delivery of goods and services from US Foods, as reflected on invoices sent by US Foods to Defendant.

19. Pursuant to the payment terms contained in the Agreements and the invoices, the Entities were obligated to make payments to US Foods in the full invoice amounts for goods and services received by the Entities.

20. US Foods performed all of its obligations by supplying the Entities with the purchased goods and services and submitting invoices.

21. As of July 2019, US Foods is owed a total of $118,403.83 on past due invoices accrued pursuant to invoices under the Agreements, exclusive of interest, costs and fees (the "Unpaid Invoices"). A summary of Unpaid Invoices for Peppino's is attached hereto and incorporated herein as **Exhibit D**. A summary of Unpaid Invoices for Lake Forest is attached hereto and incorporated herein as **Exhibit E**. A summary of Unpaid Invoices for Mission Viejo is attached hereto and incorporated herein as **Exhibit F**.

22. The CIA was terminated effective July 29, 2019 as a result of the sale

of the Entities' business.

23. Due to the sale of the Entities' business and their failure to timely pay outstanding invoices for deliveries, the Entities are obligated to pay US Foods the Incentive Refund.

24. On or around July 29, 2019, US Foods sent Guarantor a letter (the "July Notice") informing him that the Entities owed US Foods $12,295.78, representing the Incentive Refund. A true and correct copy of the July Notice is attached hereto as **Exhibit G** and incorporated herein by reference.

25. As of February 1, 2018, Peppino's granted US Foods a purchase money security interest on all goods, inventory, equipment, and fixtures, purchased from US Foods, and a separate security interest in all of Peppino's other assets, then existing or after-acquired, including all accounts, goods, inventory, equipment, fixtures, trade fixtures and vehicles. US Foods properly perfected its security interests against Peppino's by filing a UCC-1 Financing Statement. A true and correct copy of the UCC-1 Financing Statement is attached hereto as **Exhibit H** and incorporated herein by reference.

26. As of February 1, 2018, Lake Forest granted US Foods a purchase money security interest on all goods, inventory, equipment, and fixtures, purchased from US Foods, and a separate security interest in all of Lake Forest's other assets, then existing or after-acquired, including all accounts, goods, inventory, equipment, fixtures, trade fixtures and vehicles. US Foods properly perfected its security interests against Lake Forest by filing a UCC-1 Financing Statement. A true and correct copy of the UCC-1 Financing Statement is attached hereto as **Exhibit I** and incorporated herein by reference.

27. As of February 1, 2018, Mission Viejo granted US Foods a purchase money security interest on all goods, inventory, equipment, and fixtures, purchased from US Foods, and a separate security interest in all of Mission Viejo's other assets, then existing or after-acquired, including all accounts, goods, inventory,

5
COMPLAINT FOR BREACH OF GUARANTY; ACCOUNT STATED
601530709.1

equipment, fixtures, trade fixtures and vehicles. US Foods properly perfected its security interests against Mission Viejo by filing a UCC-1 Financing Statement. A true and correct copy of the UCC-1 Financing Statement is attached hereto as **Exhibit J** and incorporated herein by reference.

28. As of the date of the filing of this Complaint, US Foods has not received payment in full for the amounts owed under the invoices and Agreements.

## COUNT I
## BREACH OF GUARANTY

29. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

30. The Entities agreed to abide by the terms of the Agreements and invoices under which US Foods supplied goods and services to the Entities. (Exhibits A-C).

31. US Foods fully performed its obligations, including supplying all required goods and services.

32. The Entities accepted all goods and services supplied by US Foods.

33. US Foods submitted invoices to the Entities for the goods and services supplied under the Agreements. (Exhibits D-F).

34. The Entities failed to pay US Foods the outstanding balance owed.

35. Pursuant to the Agreements, the Entities are obligated to timely pay any outstanding invoices.

36. Pursuant to the Agreements, if the Entities do not timely pay outstanding invoices, they are obligated to pay US Foods a *pro rata* portion of the Signing Bonus.

37. Additionally, pursuant to the Agreements, if the Entities fail to meet the Annual Run Rate, it is obligated to pay US Foods a *pro rata* portion of the Signing Bonus.

38. The Entities agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the CIA. (Exhibit A, p. 2, ¶ 4.)

39. The Entities further agreed to pay interest in the amount of 1.5% per month on any payment past due until collected. (Exhibit A, p. 2, ¶ 4.)

40. The Entities failed to timely pay the outstanding invoices in the amount of $118,403.83, exclusive of interest, costs and fees, for deliveries to the Entities.

41. Defendant also failed to meet the Annual Run Rate. (Exhibit G).

42. On or around July 29, 2019, US Foods notified the Entities of their obligation to pay US Foods $12,295.78, representing the Incentive Refund.

43. The Entities failed to pay US Foods within fifteen (15) days of being notified of their failure to pay US Foods the Incentive Refund. (Exhibit G).

44. Guarantor executed the Guarantees, unconditionally guaranteeing all of the Entities' payment obligations to US Foods. (Exhibit A, p. 3.)

45. The Guarantees impose liability on Guarantor for the Entities' payment obligations under the Agreements. (Exhibit A, p. 3.)

46. Guarantor's obligations include, but are not limited to, payment of the debt, interest and the costs of enforcement of the Entities' obligations, including reasonable attorneys' fees. (Exhibit A, p. 3.)

47. The Guarantees further provide that US Foods has the right to proceed directly against Guarantor to collect and recover the full amount of the indebtedness. (Exhibit A, p. 3.)

48. Guarantor failed to perform his duties and obligations under the Guarantees.

49. By refusing to pay the indebtedness, Guarantor breached the Guarantees. (Exhibit A, p. 3.)

50. US Foods has been damaged in the total amount of $130,669.61, exclusive of interest, costs and fees. (Exhibits D-G).

51. US Foods has been required to retain legal counsel for the prosecution of this action and its efforts to recover the amounts due and owing to US Foods, for which is it entitled to recover its attorneys' fees and litigation expenses under the Agreements. (Exhibit A, p. 2, ¶4.)

## COUNT II
## ACCOUNT STATED
## (IN THE ALTERNATIVE TO COUNT I)

52. US Foods incorporates and re-alleges each and every one of the allegations set forth in paragraphs 1 through 28 above as though fully set forth herein.

53. Before the institution of this action, US Foods and the Entities had an on-going business relationship in which the Entities ordered goods and services from US Foods, for a period of time.

54. US Foods supplied goods and services to the Entities as evidenced by the invoices US Foods submitted to the Entities for the goods and services supplied.

55. The invoices were delivered to the Entities in accordance with US Foods' normal accounting procedures.

56. The parties agreed on the balances of the amounts due and owing for said goods and services.

57. US Foods rendered invoices to the Entities for the delivery of said goods and services to which the Entities did not object.

58. The Entities owe US Foods $130,669.61, plus interest and fees, on the unpaid invoices. (Exhibits D-G).

59. Additionally, pursuant to the Agreements, if the Entities do not timely pay outstanding invoices, they are obligated to pay US Foods a *pro rata* portion of the Signing Bonus.

60. The Entities are also obligated to pay US Foods a *pro rata* portion of the Signing Bonus if they fail to meet the Annual Run Rate.

61. The CIA outlines how the *pro rata* portion of the Signing Bonus is calculated.

62. On or around July 29, 2019, US Foods notified the Entities of their obligation to pay US Foods $12,295.78, representing the Incentive Refund.

63. The Entities did not object.

64. The Entities failed to pay US Foods within fifteen (15) days of being notified of their failure to pay US Foods the Incentive Refund. (Exhibit G).

65. US Foods has been damaged in the total amount of $130,669.61, exclusive of interest, costs and fees. (Exhibits D-G).

66. The Guarantees impose liability on Guarantor for the Entities' payment obligations under the Agreements. (Exhibit A, p. 3.)

67. Guarantor owes US Foods $130,669.61, plus interest and fees pursuant to the Guarantees.

## **PRAYER**

**WHEREFORE**, pursuant to the foregoing, US Foods requests:

i. that judgment be entered in its favor and against Defendant on Count I (breach of guaranty) of the Complaint in such amount to be determined at trial, but no less than $130,669.61, plus interest, costs and fees; and

ii. or, in the alternative, that judgment be entered in its favor and against Defendant on Count II (account stated) of the Complaint in such amount to be determined at trial, but no less than $130,669.61 plus interest, costs and fees.

///
///
///
///
///
///

| | |
|---|---|
| Dated: January 29, 2020 | **BRYAN CAVE LEIGHTON PAISNER LLP** |
| | By: */s/ Colin D. Dailey* |
| | Colin D. Dailey (California Bar No. 293942)<br>colin.dailey@bclplaw.com<br>**BRYAN CAVE LEIGHTON PAISNER LLP**<br>120 Broadway, Suite 300<br>Santa Monica, CA  90401-2386<br>Telephone:        (310) 576-2100<br>Facsimile:         (310) 576-2200 |
| | Maria Z. Vathis (*pro hac vice application to be filed*)<br>maria.vathis@bclplaw.com<br>**BRYAN CAVE LEIGHTON PAISNER LLP**<br>161 N. Clark Street, Suite 4300<br>Chicago, Illinois 60601-3315<br>Telephone:  (312) 602-5000<br>Facsimile:    (312) 698-7527 |
| | *Attorneys for Plaintiff*<br>*US Foods, Inc.* |